IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| RICHARD BARRETT DALE WALKER,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN J. FIKES,<br><br>    Respondent. | CIVIL ACTION NO.: 2:22-cv-41 |

## ORDER AND REPORT AND RECOMMENDATION

Petitioner Richard Walker ("Walker"), who was incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a 28 U.S.C. § 2241 Petition for Writ of Habeas. Doc. 1. Walker also filed two Motions to Add Evidence, docs. 2, 3, which the Court **GRANTS** and construes as supplements to his Petition. Respondent filed a Motion to Dismiss, Walker filed a Response, Respondent filed a Reply, and Walker filed a Surreply. Docs. 11, 13, 16, 17. Walker also filed a Motion for Immediate Release. Doc. 21. For the following reasons, I **RECOMMEND** the Court **DENY as moot** Respondent's Motion to Dismiss and Walker's Petition. In the alternative, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DISMISS** Walker's Petition. Under either recommendation, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Walker leave to appeal *in forma pauperis*. I **DENY as moot** Walker's Motion for Immediate Release, as he has been provided his requested relief.

**BACKGROUND**

Walker was convicted in the Middle District of Florida of wire fraud, in violation of 18 U.S.C. § 1343, and bank fraud, in violation of 18 U.S.C. § 1344. He was sentenced to 65 months' imprisonment on October 8, 2020, and originally had a projected release date of July 17, 2025, with good conduct time. J., United States v. Walker, (M.D. Fla. Oct. 8, 2020), ECF No. 79; Doc. 1 at 1, 11; Doc. 1-3 at 2. After the initial application of his earned time credits, his projected release date was September 5, 2024, and, after a recalculation of his credits, is now July 17, 2024. Doc. 11 at 2; Doc. 16-1 at 6.

In his Petition, Walker asserts the Bureau of Prisons ("BOP") failed to award him earned time credits under the First Step Act ("FSA"). Doc. 1 at 2. Walker requests this Court release him from confinement at FCI Jesup to home confinement and, according to Walker, he should have been so released no later than May 23, 2022.[1] Id. at 7, 10.

Respondent filed a Motion to Dismiss, arguing, in part, this Court lacks jurisdiction to grant the relief sought. Even if the Court has jurisdiction, Respondent initially stated the BOP correctly calculated and applied Walker's FSA earned time credits toward his release date. Doc. 11 at 2. However, after reviewing Walker's opposition to the Motion to Dismiss, the BOP recalculated Walker's credits. As a result, Walker was scheduled to be released to home confinement on April 5, 2023, rendering his requested relief moot. Doc. 16 at 1–2.

---

[1] It is clear from the face of Walker's Petition, as supplemented, he did not exhaust his administrative remedies prior to filing this Petition. Docs. 1, 2, 3 (showing Walker filed his administrative remedy request on April 18, 2022, signed his Petition on Apr. 19, 2022, and completed the administrative remedy process on July 6, 2022). Nonetheless, Respondent has not raised failure to exhaust administrative remedies as an affirmative defense, so the Court declines to address this issue further.

**DISCUSSION**

I. **Walker's Petition Is Now Moot**

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'" Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014). This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations." Id. There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement." Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted). Regarding the mootness strand, the United States Supreme Court has made clear "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted). Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted). Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed. Rather, the Supreme Court has made clear that the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'" Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)). "Events which occur subsequent to the filing of a petition may render the matter moot." Johnson v. Glover, No. 1:04-CV-413, 2006 WL 1008986, at *1 (M.D. Ala. Apr. 18, 2006) (citing Nat'l Black Police Ass'n v. District of Columbia, 108 F.3d 346, 350 (D.C. Cir. 1997)).

Here, Walker asks the Court to be released to home confinement. Doc. 1 at 7. Walker was released to home confinement on April 25, 2023, after the BOP recalculated his credits. Doc. 26 at 1; Doc. 26-1 at 1, 5. Walker does not dispute this. Because Walker has received the relief he seeks in his Petition, there is no longer a "live controversy" over which the Court can give meaningful relief. Friends of Everglades, 570 F.3d at 1216. Accordingly, the Court should **DENY as moot** Respondent's Motion to Dismiss and Walker's Petition for Writ of Habeas Corpus.

II.   **The BOP Has Full Discretion to Calculate Petitioner's Earned Time Credits and Determine Whether to Place Petitioner in Home Confinement, and the Court Is Precluded From Reviewing Those Determinations**

Even if Walker's Petition were not moot, Respondent asserts Walker's request to have the Court review the BOP's calculation of his earned time credits and release to home confinement are decisions made under 18 U.S.C. § 3624(g) and this Court is precluded from reviewing such determinations. Doc. 11 at 3–4. Thus, Respondent argues Walker's requests call for "an impermissible review of" the BOP's determination. Id. at 3. Respondent contends allowing Walker's challenge in habeas would permit him to challenge what he cannot under the Administrative Procedures Act and undermine statutory intent. Id. at 6.

Under the Administrative Procedure Act ("APA"), a petitioner may use habeas corpus to challenge a BOP action. See 5 U.S.C. § 703. However, in 18 U.S.C. § 3625, Congress specified the provisions of the APA governing judicial review, §§ 701–06, are inapplicable to "the making of any determination, decision, or order under" any provision of 18 U.S.C. §§ 3621 to 3626. The Eleventh Circuit Court of Appeals has explained § 3625 expressly precludes judicial review of agency adjudicative decisions but not rulemaking decisions even in a § 2241 habeas action, unless the petitioner is challenging the underlying rules and regulations that establish the criteria

4

governing the BOP's decision-making process.  <u>Cook v. Wiley</u>, 208 F.3d 1314, 1319 (11th Cir. 2000); <u>see also</u> <u>Reeb v. Thomas</u>, 636 F.3d 1224, 1227 (9th Cir. 2011) ("To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge BOP's discretionary determinations made pursuant to [Title 18, Chapter 229, Subchapter C] would be inconsistent with the language of 18 U.S.C. § 3625."); <u>Martin v. Gerlinski</u>, 133 F.3d 1076, 1079 (8th Cir. 1998) ("[I]t is apparent that § 3625 precludes judicial review of agency adjudicative decisions but not of rulemaking decisions.").  Where Congress precludes judicial review of an agency decision by statute, judicial review of that decision is limited to whether the agency acted outside its statutory limits or violated the Constitution.  <u>See</u> <u>Webster v. Doe</u>, 486 U.S. 592, 597, 603 (1988); <u>Santiago-Lebron v. Fla. Parole Comm'n</u>, 767 F. Supp. 2d 1340, 1351 (S.D. Fla. 2011); <u>Paradis v. Keller</u>, 2011 WL 2790480, *4 n.3 (N.D. Ga. June 13, 2011); <u>Klatch v. Rathman</u>, No. 1:13-CV-01452, 2014 WL 537021, at *11 (N.D. Ala. Feb. 10, 2014); <u>see also</u> <u>Rodriguez v. Johns</u>, Civil Action No. 5:17-cv-134, 2018 WL 4102854, at *2–3 (S.D. Ga. July 26, 2018), *report and recommendation adopted*, 2018 WL 4100695 (S.D. Ga. Aug. 28, 2018).

The BOP's determination of whether an inmate is eligible to earn FSA time credits and eligible to apply those credits toward his sentence is made under 18 U.S.C. § 3624(g).  A prisoner is eligible for prerelease custody or supervised release if he "has earned time credits under the risk and needs assessment system developed under subchapter D (referred to in this subsection as the 'System') in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment[.]"  18 U.S.C. § 3624(g)(1)(A).  Therefore, the BOP's determinations concerning Walker's earned time credits and release to home confinement are subject to § 3625.  The BOP's determination on this matter is an adjudicative, discretionary determination and not a rulemaking one.  "And that decision is not subject to judicial review."  <u>Cook</u>, 208 F.3d at 1319.

5

Walker's attempt to undermine the BOP's determinations by stating the BOP has not applied its own rules correctly does not render those determinations subject to judicial review. Doc. 13 at 1; Doc. 17 at 2–3. Additionally, Walker does not allege the BOP acted outside its statutory limits or violated the Constitution. As a result, the Court should **GRANT** Respondent's Motion to Dismiss and **DISMISS** Walker's Petition.

### III.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Walker leave to appeal *in forma pauperis*. Though Walker has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Walker's Petition, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Walker *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DENY as moot** Respondent's Motion to Dismiss and Walker's Petition. In the alternative, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DISMISS** Walker's Petition. Under either recommendation, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Walker leave to appeal *in forma pauperis*. I **DENY as moot** Walker's Motion for Immediate Release, as he has been provided his requested relief.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the

7

specificity requirement set out above will not be considered by the District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 16th day of May, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA